IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCOTTY BARKER, ID # 2768,**      ) | | |
| Petitioner,      ) | | |
| ) | | |
| vs.      ) | No. 3:21-CV-853-D-BH | |
| ) | | |
| **HENDERSON COUNTY JAIL,**      ) | | |
| Respondent.      ) | Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

In a letter received on April 8, 2021, Scotty Lemond Barker (Petitioner), an inmate in the Henderson County Detention Center, alleged that he was being wrongfully detained for a crime that he had not committed.  (*See* doc. 3.)  By *Notice of Deficiency and Order* dated April 15, 2021, Petitioner was notified that he appeared to challenge his pretrial detention, and that this type of challenge was typically filed as a petition for habeas corpus relief under 28 U.S.C. § 2241. (*See* doc. 4.)  He was also notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* ("IFP"), and that he needed to complete and file a form petition under 28 U.S.C. § 2241.  (*Id.*)  He was ordered to file his § 2241 form, and to either pay the fee or file an IFP motion, within thirty days. (*Id.*)  The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders.

The *Notice of Deficiency and Order* also notified Petitioner that his letter might also be

---

[1]By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

liberally construed as a civil rights action under 42 U.S.C. § 1983, and because courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws, he could only raise habeas claims in his amended habeas petition. (*Id.*) He was notified that he was trying to raise any other types of claims, including claims under § 1983, they must be raised in a separate civil action. (*Id.*)

In a second letter received on April 26, 2021, Petitioner again alleged that he was being wrongfully detained for a crime that he had not committed. (*See* doc. 5.) By *Second Notice of Deficiency and Order* dated May 21, 2021, Petitioner was again notified that he appeared to challenge his pretrial detention, and that this type of challenge was typically filed as a petition for habeas corpus relief under 28 U.S.C. § 2241. (*See* doc. 6.) He was again notified that he had neither paid the $5 filing fee nor submitted an IFP motion, and that he needed to complete and file a form petition under 28 U.S.C. § 2241. (*Id.*) He was ordered to file his § 2241 form, and to either pay the fee or file an IFP motion, within thirty days. (*Id.*) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders.

Well more than thirty days from the date of the second notice have passed, but Petitioner has not filed a completed § 2241 form, paid the filing fee, filed an IFP motion, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, pre-

vent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, Petitioner was twice given thirty days to file a completed § 2241 form and to either pay the filing fee or file an IFP motion. The notices of deficiency and orders specifically warned that failure to comply could result in the dismissal of his petition, but he still has not complied or otherwise responded. Because he failed to follow court orders or otherwise prosecute his case, his petition should be dismissed.

### III. RECOMMENDATION

The § 2241 petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute or follow orders of the court, unless Petitioner files a completed § 2241 form and either pays the $5 filing fee or files an IFP motion within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 10th day of December, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE